UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

**Daryl Manfredi individually and on behalf of all others similarly situated,**

                     Plaintiff,

v.

**Midland Credit Management, Inc. and Midland Funding LLC**

      Jury Demanded

                Defendants.
_____

No. 2:18-cv-1635

CLASS ACTION

Class Action Complaint for
<u>Violations of the Fair Debt Collection Practices Act</u>

1. Plaintiff Daryl Manfredi ("Plaintiff" or "Manfredi") files this Complaint seeking redress for the illegal practices of Defendants, Midland Credit Management, Inc. (MCM) and Midland Funding LLC (MF), in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

2. Among other violations, Defendants have violated the Plaintiff and the putative class members' rights under the FDCPA by failing to provide them with the notices to which they are entitled by statute; by depriving them of their full ability to resolve their alleged debts.

Parties

3. Plaintiff Daryl Manfredi is a citizen of New York State who resides within this District.

1

4. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

5. The alleged debt of Plaintiff is a "debt" as defined by 15 U.S.C. § 1692a in that it is a debt alleged to be owed for personal, family, or household services. The alleged debt was incurred for medical services.

6. Defendants are regularly engaged in the collection of debts allegedly due to others.

7. The principal purpose of the Defendant Midland Funding LLC is the collection of debts.

8. Defendant Midland Funding LLC purchases defaulted debts and attempts to collect the debts for a profit.

9. Defendant Midland Funding LLC uses Midland Credit Management, Inc. to help them collect defaulted debts.

10. Defendant Midland Credit Management, Inc. regularly collects defaulted debt due to another.

11. Defendants are a "debt collector," as defined by FDCPA § 1692a(6).

12. Midland Credit Management, Inc. was authorized by Midland Funding LLC to send the collection letter attached hereto as Exhibit A.

### Jurisdiction and Venue

13. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

14. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

15. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

16. Venue is also proper in this district since Defendants transact business in this district.

## Factual Allegations

17. Defendants allege that Plaintiff owes a debt originally owed to Credit One Bank for a credit card.

18. In an attempt to collect the alleged debt, and on behalf of Defendant MF, on or about March 20, 2017, Defendant MCM sent Plaintiff the debt collection letter. **(Exhibit A)**

19. Exhibit A seeks to collect the debt.

20. Exhibit A lists the "Current Balance" as $1,640.74.

21. Exhibit A fails to indicate to Plaintiff that amount of the debt was going to continue to increase due to interest that was legally accruing pursuant to the terms of the contract between Plaintiff and Credit One Bank.

22. Exhibit A was the initial letter sent by Defendants to Plaintiff and is hence subject to 15 USC 1692g.

23. Exhibit A violates 15 USC 1692e, and various subdivisions thereto, in that it fails to inform the Plaintiff that interest was continuing to accrue on the account. *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. N.Y. 2016); *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 215-17 (2d Cir. 2017).

3

24. Exhibit A violates the FDCPA, *Avila*, and *Carlin* in that the Plaintiff is misled as to the proper amount, character, and status of the debt.

25. Exhibit A does not disclose that if the Plaintiff did not pay the alleged debt, the Plaintiff would be liable for accruing interest.

26. Neither Credit One Bank, or either of the Defendants, nor anyone on their behalf has informed the Plaintiff that interest or costs on the debt has been permanently waived.

27. Exhibit A is deceptive, unfair and unconscionable and violates 15 USC 1692e, 15 USC 1692e(2), 15 USC 1692e(10), 15 USC 1692f, and 15 USC 1692f(1), in that it fails to inform the Plaintiff that interest may continue to accrue on the account. Exhibit A is misleading in that it does not inform the consumer that interest may at some point in the future accrue interest.

28. Additionally, the initial letter Defendants sent to the Plaintiff violates 15 USC 1692g(a) in that it fails to properly and effectively convey to Plaintiff the amount of the debt that is allegedly owed as specifically required by the FDCPA.

29. Additionally, Exhibit A is misleading as it could be read two different way, one of which is false. Exhibit A could be read to mean that interest is accruing. Alternatively, Exhibit A could be read to mean that interest is not accruing. This violates 15 USC 1692 e; 15 USC 1692e(2); 15 USC 1692e(5); and 15 USC 1692e(10);

30. Exhibit A does not include the "safe harbor" language outlined by the Second Circuit in *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. N.Y. 2016).

4

## Class Action Allegations

31. Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    a. Based on the fact that the collection letter at the heart of this litigation is a mass-mailed form letters, the class is so numerous that joinder of all members is impractical.

    b. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include whether Exhibit A violates the FDCPA.

    c. The claims of Plaintiff are typical of the class members' claims. All are based on the same facts and legal theories. The only individual issue is the identification of the consumers who received the letter, (*i.e.*, the class members), which is a matter capable of ministerial determination from the Defendants' records.

    d. Plaintiff will fairly and adequately represent the class members' interests. All claims are based on the same facts and legal theories and Plaintiff's interests are consistent with the interests of the class.

    e. Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

32. A class action is superior for the fair and efficient adjudication of the class members' claims.

33. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k.

34. The class members are generally unsophisticated individuals unaware of the protections afforded them by the FDCPA, which rights will not be vindicated in the absence of a class action.

35. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

36. If the facts are discovered to be appropriate, Plaintiff will seek to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

37. This Count is brought by Plaintiff, individually, and on behalf of a class that, according to Defendants' records, consists of: (a) all individuals who have mailing addresses within New York; and (b) within one year before the filing of this action; (c) were sent a collection letter in a form materially identical or substantially similar to <u>Exhibit A</u> attached to Plaintiff's Complaint (d) which was not returned by the postal service as undeliverable.

38. Collection letters, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

<u>Violations of the Fair Debt Collection Practices Act</u>

39. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

<u>Class Allegations Related to Exhibit A</u>

40. By sending Exhibit A to Plaintiff, the Defendants violated 15 USC 1692g(a), 15 USC 1692e, 15 USC 1692e(2), 15 USC 1692e(10) and 15 USC 1692f, in

6

that the Defendant did not properly and effectively convey the amount of the debt, and/or did not properly convey the language required by 15 USC 1692g.

41. By sending Exhibit A, the Defendants violated 15 USC 1692g(a), 15 USC 1692e, 15 USC 1692e(2), 15 USC 1692e(10) and 15 USC 1692f, in that the Defendant did not properly indicate to the Plaintiff that the alleged debt may continuing to accrue interest.

42. By sending Exhibit A, the Defendants also violated 15 U.S.C. §§ 1692 e, e(2), e(5), e(10), and f by falsely indicating that the Plaintiff owed a static amount not subject to interest. As the Plaintiff was never informed that the interest called for under the original contract had been permanently waived, the debt may be increased by interests or costs at some point in the future. Exhibit A does not convey this to the consumer, making Exhibit A misleading.

43. By sending Exhibit A to Plaintiff, the Defendants violated 15 USC 1692g(a), 15 USC 1692e, 15 USC 1692e(2), 15 USC 1692e(10) and 15 USC 1692f, in that Exhibit A can be read one of two ways, one of which is false. Exhibit A can be read to mean that interest is accruing. Alternatively, Exhibit A can be read to mean that interest is not accruing.

44. Defendants' violations of 15 U.S.C. §1692, *et seq.*, render Defendant liable to Plaintiff and the Class.

45. As a result of Defendants' deceptive, insidious, and unfair debt collection practices, Defendants are liable to Plaintiff and the Class.

**WHEREFORE**, Plaintiff asks that this Court enter judgment in her favor and in favor of the members of the Class, against Defendants, awarding damages as follows:

(A) Statutory damages as provided by § 1692k of the FDCPA;

(B) Attorneys' fees, litigation expenses and costs incurred in bringing this action;

(C) Declaratory relief declaring that Exhibit A and/or the initial letter Defendants sent Plaintiff violates the FDCPA; and

(D) Any other relief this Court deems appropriate and just.

## Jury Demand

Plaintiff demands trial by jury.

Dated: West Islip , New York
       March 15, 2018

                                    RESPECTFULLY SUBMITTED,


                                    S/ JOSEPH MAURO
                                    Joseph Mauro
                                    The Law Offices of Joseph Mauro, LLC
                                    306 McCall Ave.
                                    West Islip, NY 11795
                                    Tel: (631) 669-0921

# EXHIBIT A

# PRE-LEGAL NOTIFICATION

 **mcm** Midland Credit Management, Inc.

2365 Northside Drive Suite 300
San Diego, CA 92108

03-20-2017

### Account Details

| | |
|---|---|
| Original Creditor | Credit One Bank, N.A. |
| Original Account Number | 4447962111072918 |
| Current Servicer | Midland Credit Management, Inc. |
| MCM Account Number | 8570543148 |
| Current Owner | Midland Funding LLC |
| Current Balance | $1,640.74 |

Daryl Manfredi
39 Monmouth Dr
East Northport, NY  11731-1332

P5T127 001

## Call (800) 939-2353 by 04-04-2017 to Discuss Options

### Please Call

Get rid of this debt and get on with your life.

This account may be forwarded to an attorney in your state.

Once your account is paid:
— Collection calls will stop on this account
— Collection letters will stop on this account

**Reply By**
**04-04-2017**

**Call (800) 939-2353**
Sun-Th: 5am-9pm PT;
Fri-Sat: 5am-4:30pm PT;

midlandcreditonline.com

RE Credit One Bank, N.A.

Dear Daryl,

Midland Credit Management, Inc. has made several attempts to contact you regarding this account. This letter is to inform you that we are considering forwarding this account to an attorney in your state for possible litigation. Upon receipt of this notice, please call (800) 939-2353 to discuss your options.

If we don't hear from you or receive payment by 04-04-2017, we may proceed with forwarding this account to an attorney.

Some possible options:
- Pay your full balance of $1,640.74
- Call us to see how to qualify for discounts and payment plans.

**LET US HELP YOU!** If the account goes to an attorney, our flexible options may no longer be available to you. There still is an opportunity to make arrangements with us. **We encourage you to call us:** **(800) 939-2353.**

Sincerely,

*Tim Bolin*

Tim Bolin, Division Manager

We are not obligated to renew any offers provided.

 **(800) 939-2353**     **midlandcreditonline.com**     Midland Credit Management, Inc.
P.O. Box 60578
Los Angeles, CA 90060-0578

**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**

---

| | | |
|---|---|---|
| MCM Account Number | | 8570543148 |
| Current Balance | | $1,640.74 |
| Total Enclosed | $ | . |

Mail Payments to:
Midland Credit Management, Inc.
P.O. Box 60578
Los Angeles, CA 90060-0578

**Manage Your Account Online**
midlandcreditonline.com

**Important Payment Information**

<u>Make checks payable to:</u>
Midland Credit Management
Enter your MCM Account # on all payments

**(800) 939-2353**

se habla espanol
(877) 265-3899

12 8570543148 5 0164074 040417 2 112805850

REC1

**Important Disclosure Information:**

Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

To report any inaccuracies or to dispute this debt, please call (800) 939-2353
Calls to and/or from this company may be monitored or recorded.

### Basic Information

| | | | |
|---|---|---|---|
| Original Creditor | Credit One Bank, N.A. | MCM Account Number | 8570543148 |
| Original Account Number | 4447962111072918 | Charge-Off Date | 03-06-2016 |
| Current Creditor *The sole owner of this debt* | Midland Funding LLC | Current Servicer | Midland Credit Management, Inc. |
| Last Payment Date | 08-03-2015 | Date of Default | 09-04-2015 |

### Important Contact Information

| Send Payments to: | For disputes call (800) 939-2353 or write to: | Physical Payments for Colorado Residents: |
|---|---|---|
| Midland Credit Management, Inc. P.O. Box 60578 Los Angeles, CA 90060-0578 | Attn: Consumer Support Services 2365 Northside Drive Suite 300 San Diego, CA 92108 | 80 Garden Center Suite 3 Broomfield, CO 80020 Phone (303) 920-4763 |

We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law:

You are hereby notified that a negative report on your credit record may be submitted to a credit reporting agency if you fail to meet the terms of your credit obligations.

**IF YOU LIVE IN NEW YORK CITY, THIS APPLIES TO YOU:** New York City Department of Consumer Affairs License Number 1140603, 1207829, 1207820, 1227728, 2022587, 2023151, 2023152, 2027429, 2027430, 2027431

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

- Supplemental Security income (SSI);
- Social Security;
- Public assistance (welfare);
- Spousal support, maintenance (alimony) or child support;
- Unemployment benefits;
- Disability benefits;
- Workers' compensation benefits;
- Public or private pensions;
- Veterans' benefits;
- Federal student loans, federal student grants, and federal work study funds; and
- Ninety percent of your wages or salary earned in the last sixty days.

PRODB